Michael A. D. Stanley
Attorney at Law
P.O. Box 20449
Juneau, Alaska 99802-0449
Telephone: (907) 586-6077
Facsimile: (907) 463-2511

Attorney for Plaintiff

**FILED**

**DEC 3 0 2005**

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA TROJAN PARTNERSHIP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONALD L. EVANS, et al., )<br>)<br>Defendants. )<br>_____) | Case No. J04-0003 CV (RRB) |

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**
(28 U.S.C. § 2412(d))

Plaintiff Alaska Trojan Partnership (ATP) hereby moves for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), for attorney time incurred in this action before this Court. This motion is supported by an affidavit of counsel and a memorandum of law.

Dated this 30th day of December, 2005.

/s/ Michael A. D. Stanley
Michael A. D. Stanley
Alaska Bar No. 8006047
P.O. Box 20449
Juneau, Alaska 99802-0449
Telephone: (907) 586-6077
Facsimile: (907) 463-2511

Attorney for Plaintiff Alaska Trojan Partnership

**Certificate of Service**

I hereby certify that on December 30, 2005, I served this Motion for Attorney's fees and supporting documents, by mailing said documents, first class, postage prepaid, to:

Kevin W. McCardle
Trial Attorney
Wildlife and Marine Resources Section
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 20044-7369
Washington, D. C. 20044-7369

Bruce M. Landon
General Litigation Section
Environmental and Natural Resources Div.
U.S. Department of Justice
801 B Street, Suite 504
Anchorage, Alaska 99501

Jonathan Pollard
Senior Attorney Advisor
Office of General Counsel, Alaska Region
National Oceanic and Atmospheric Administration
P.O. Box 21109
Juneau, Alaska 99802-1109

/s/ Michael A. D. Stanley
Michael A. D. Stanley

Michael A. D. Stanley
Attorney at Law
P.O. Box 20449
Juneau, Alaska 99802-0449
Telephone: (907) 586-6077
Facsimile: (907) 463-2511

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA TROJAN PARTNERSHIP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DONALD L. EVANS, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. J04-0003 CV (RRB) |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Plaintiff Alaska Trojan Partnership (Alaska Trojan) seeks an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), for attorney time incurred in this court. Alaska Trojan qualifies for an award of attorney's fees under EAJA because it is the prevailing party in this action and the government's position was not substantially justified. Alaska Trojan seeks an award of fees for 145 hours spent by its counsel in this matter, documented in the accompanying affidavit of counsel. The actual attorney's fees incurred by Alaska Trojan are $ 22,990. Applying the statutorily-

prescribed rate of $ 125.00 per hour, *see* 28 U.S.C. § 2412(d)(2)(A), the amount of fees would be $ 18,125.

### I.     Alaska Trojan Is the Prevailing Party

On July 27, 2004, this Court issued an Order Re Cross-Motions for Summary Judgment denying Alaska Trojan's motion for summary judgment and granting the cross-motion for summary judgment filed on behalf of defendants National Marine Fisheries Service, *et al.* (collectively NMFS). The Court entered Judgment in favor of NMFS on July 28, 2004.

On September 22, 2005, the United States Court of Appeals for the Ninth Circuit entered a Judgment reversing the judgment of the District Court and remanded the case with instructions to enter summary judgment in favor of Alaska Trojan. The Judgment of the Circuit Court was filed in this Court on November 21, 2005. Docket No. 24. By an Order dated December 13 and filed on December 15, 2005 (Docket No. 25) this Court denied defendant's motion for summary judgment and granted Alaska Trojan's motion for summary judgment.

Based on the foregoing, Alaska Trojan is clearly the prevailing party in this action.

### II.    NMFS's Position Was Not Substantially Justified.

EAJA requires a court to award to a prevailing party attorney's fees in a proceeding brought against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). This provision in effect creates a rebuttable presumption that fees will be awarded to a party prevailing against the government,

unless the government can demonstrate that its position was substantially justified. *See Ratnam v. Immigration and Naturalization Service*, 177 F.3d 742, 743 (9th Cir. 1999); *Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir. 1994). The burden is on the government to show substantial justification for its position. *Ratnam, id.*

The issue in this case was NMFS's denial of Alaska Trojan's application for an Aleutian Islands brown king crab endorsement to its license limitation program (LLP) license. The NMFS Restricted Access Management Division (RAM) denied Alaska Trojan this endorsement based on its interpretation of the LLP regulations and application of a "one fish ticket = one documented harvest" rule. The Court held that RAM's interpretation was inconsistent with the plain meaning of the term "documented harvest" and was also inconsistent with the intent of the LLP as expressed by the Secretary. *Alaska Trojan Partnership v. Gutierrez*, 425 F.3d 620, 628-33 (9th Cir. 2005). Action inconsistent with the plain meaning of an agency's own regulation or a statute administers has been held not to be substantially justified for purposes of EAJA. *See, e.g., Talbot v. Bowen*, 832 F.2d 111 (8th Cir. 1987); *Cervantez v. Sullivan*, 739 F.Supp. 517, 524 (E.D. Cal. 1990).

As noted by the Circuit Court, RAM's "internal policy" and the associated computer programming "business rule" were never promulgated as regulations pursuant to notice and comment procedures. *Id.* at 626. RAM's rule was reflected in an e-mail dated June 7, 1999. *Id.* NMFS at that time was considering regulations establishing an application process and a transfer process for the LLP. *See* 64 Federal Register (FR) 19113 (April 19, 1999) (proposed rules) and 64 FR 42826 (August 6, 1999) (final rules). Among other things, these rules defined the term "Official LLP record" (50 C.F.R. §

679.2) and described the process by which NMFS would evaluate LLP applications (50 C.F.R. § 679.4(k)(6)(v). *See* 64 FR at 42828-29. RAM did not use this rule-making opportunity to alert the public to its "one fish ticket = one documented harvest" rule. Nor did RAM seek input from the North Pacific Fishery Management Council concerning its rule. *Alaska Trojan*, 425 F.3d at 632.

The Court found that RAM had "re-written the definition of 'documented harvest'" to require an offload of crab, even though the Secretary expressly stated that offloading was not required for eligibility. *Id.* at 629. The Court indicated that RAM improperly relied on the form of a fish ticket, in disregard of the substance of a fish ticket and the information presented in the Official LLP Record. *Id.* at 630-31. "It is the substance of the fish ticket that represents each line in the official LLP record, and RAM ignored this inescapable conclusion in its faulty interpretation." *Id.* RAM's error was such that the Court did not remand the case to NMFS, but held "that, under the facts of this case, there is no reasonable interpretation that defendants could adopt that would deny Alaska Trojan an Aleutian Islands brown king crab endorsement." *Id.* at 633.

The Circuit Court's analysis demonstrates that NMFS's position in this case was not substantially justified.

### III. The Attorney's Fees Requested by Alaska Trojan Are Reasonable.

The accompanying affidavit of counsel shows that he devoted a total of 145 hours to working on this case. Affidavit of Counsel at 1-2 (¶ 2). In summary, counsel spent 18 hours preparing the complaint and related documents and reviewing the government's answer; approximately 56 hours in reviewing the administrative record and preparing plaintiff's motion for summary judgment; approximately 20 hours reviewing the

government's opposition and preparing a reply brief; approximately 2 hours reviewing the court's Order re Cross-Motions for Summary Judgment, dated July 27, 2004, consulting with Alaska Trojan and preparing a notice of appeal; approximately 45 hours preparing a motion for injunction pending appeal, affidavits, and a reply brief; and 4 hours preparing a motion for attorney's fees. *Id*. The amount of hours was not excessive or redundant but was reasonably necessary to address a complex issue of fisheries management and regulatory interpretation.

Alaska Trojan's total actual attorney's fees were $ 22,990. Affidavit of Counsel at 2 (¶ 3). These fees were incurred using an hourly rate of $ 150 for services performed in 2003-04 and $ 175 in 2005. This rate is at the low end of fees for attorneys with comparable background and experience as counsel for Alaska Trojan. *Id*. at 2-3 (¶¶ 4-5).

EAJA provides that "attorney fees shall not be awarded in excess of $ 125.00 per hour unless the court determines that an increase in the cost of living or a special factor…justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Applying this hourly rate to the 145 hours billed by counsel for Alaska Trojan yields a total of $ 18,125.00.

### IV.     Alaska Trojan's Net Worth Does Not Exceed $ 7,000,000

Under EAJA, a partnership whose net worth exceeds $ 7,000,000 is not considered a "party" for purposes of a fee award. 28 U.S.C. § 2412(d)(2)(B). Alaska Trojan's net worth does not exceed this amount. *See* Affidavit of Ted Painter, Jr.

### V.     Conclusion.

For the reasons stated herein, plaintiff Alaska Trojan Partnership requests an award of attorney's fees in the amount of $ 18,125.00.

Dated this 30th day of December, 2005.

/s/ Michael A. D. Stanley
Michael A. D. Stanley
Alaska Bar No. 8006047
P.O. Box 20449
Juneau, Alaska 99802-0449
Telephone: (907) 586-6077
Facsimile: (907) 463-2511

Attorney for Alaska Trojan Partnership

Michael A. D. Stanley
Attorney at Law
P.O. Box 20449
Juneau, Alaska 99802-0449
Telephone: (907) 586-6077
Facsimile: (907) 463-2511

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA TROJAN PARTNERSHIP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONALD L. EVANS, et al., )<br>)<br>Defendants. )<br>_____) | Case No. J04-0003 CV (RRB) |

**AFFIDAVIT OF COUNSEL RE ATTORNEY'S FEES**

I, Michael A. D. Stanley, being first duly sworn, do hereby state:

1.  I am counsel for plaintiff Alaska Trojan Partnership in this action.

2.  Attached hereto is an itemized statement of the hours I devoted to this case in proceedings before the U.S. District Court for Alaska. This statement was prepared directly from the invoices I sent to Alaska Trojan over the course of this case. The statement shows that I spent a total of 145 hours. In summary, I spent 18 hours preparing the complaint and related documents and reviewing the government's answer;

approximately 56 hours reviewing the administrative record and preparing plaintiff's motion for summary judgment; approximately 20 hours reviewing the government's opposition and preparing a reply brief; approximately 2 hours reviewing the court's Order re Cross-Motions for Summary Judgment, dated July 27, 2004, consulting with my client and preparing a notice of appeal; approximately 45 hours preparing a motion for injunction pending appeal, affidavits, and a reply brief; and 4 hours preparing a motion for attorney's fees. I believe I worked diligently and efficiently in performing these services and that the hours spent were not excessive or redundant but were reasonably incurred in addressing a complex issue of fisheries management and regulatory interpretation.

3. For services performed during 2003 and 2004, I billed Alaska Trojan at an hourly rate of $ 150.00. I billed 95.4 hours during this time, for a total of $ 14,310 at this rate. For services performed in 2005, and consistent with an increase in my hourly rate that I had previously implemented in my practice, I billed Alaska Trojan at an hourly rate of $ 175.00, for a total $ 8,680. Thus, the total of actual attorney's fees incurred by Alaska Trojan in proceedings before the District Court, is $ 22,990. Applying an hourly rate of $ 125.00, as provided in the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(A), to the 145 hours I spent in this case yields a total of $ 18,125.

4. I have worked as a lawyer in Alaska since 1978. I served as an attorney for the Office of General Counsel, National Oceanic and Atmospheric Administration, from 1978 to 1985, and have been a sole practitioner since then. Almost all of my work is related to fisheries and decision-making by administrative agencies, boards, councils, and commissions that administer state and federal natural resource laws. I am aware of

other lawyers in Juneau and elsewhere in Alaska who do fisheries work, but am not aware of anyone whose practice is as concentrated on fisheries as mine. My work has frequently involved litigation over fisheries laws and regulations at both the trial and appellate level. *See, e.g. Yakutat, Inc. v. Gutierrez*, 407 F.3d 1054 (9th Cir. 2005); *Hulse v. Evans*, No. 02-35324 (9th Cir. 2003); *Greenpeace v. NMFS*, 106 F.2d 1066 (W.D. Wa. 2000); *Native Village of Elim v. State*, 990 P.2d 1 (Alaska 1999); *Confederated Tribes v. Baldrige*, 898 F.Supp.1477 (W.D. Wa. 1995), *aff'd*, 95 F.3d 1157 (9th Cir. 1996); *Peninsula Marketing Association v. Rosier*, 890 P.2d 567 (Alaska 1995); *United Cook Inlet Drift Association v. State*, 895 P.2d 947 (Alaska 1995); *Peninsula Marketing Association v. State*, 817 P.2d 917 (Alaska 1991).

5. I am aware of fees charged by other attorneys who do fisheries or other natural resource work in Alaska and in other states. My current fee of $ 175.00 is at the low end of the range of fees charged by attorneys with comparable background and experience.

Date: December 30, 2005.

_____
Michael A. D. Stanley

SUBSCRIBED AND SWORN TO before me this 30 day of December, 2005.

_____
Notary Public for the State of Alaska
My commission expires: 2/22/06

*Alaska Trojan Partnership v. Evans*, No. J04-0003 CV (RRB)
Affidavit of Counsel re Attorney's Fees - 3

<u>Alaska Trojan Partnership v. Evans</u>, No. J04-0003 CV (RRB)

Itemization of Plaintiff's Attorney's Hours

| Date | Service | Hours |
|---|---|---|
| **2003** | | |
| 12/1 | Call with client; began drafting complaint | 5.5 |
| 12/2 | Finished draft complaint | 3.4 |
| 12/3 | Prepared affidavit for Ted Painter re harm | 5.2 |
| 12/4 | Prepared summons and other documents for complaint package; calls to RAM and NMFS Regional Administrator Balsiger re staying deadline; call with Painter | 2.3 |
| **2004** | | |
| 1/8 | Finalized complaint package; filed and served same | 0.8 |
| 2/2 | Prepared affidavit re proof of service; call with NOAA attorney Jon Pollard | 0.6 |
| 3/1 | Picked up administrative record (AR); reviewed answer to complaint | 0.2 |
| 3/2 | Memo to ATP | 0.3 |
| 3/8 | Reviewed AR index; compared to MADS file | 0.8 |
| 3/16 | Call with Pollard; prepared stipulation re briefing schedule | 0.6 |
| 4/1-30 | Prepared motion for summary judgment | 54.4 |
| 6/15 | Reviewed and annotated government brief | 1.0 |
| 6/28 | Researched legal standards discussed in government brief | 1.3 |
| 6/29-7/9 | Prepared draft reply brief; discussed with client; finalized and filed reply | 17.3 |
| 8/2 | Reviewed decision be district court denying motion for summary judgment | 0.4 |
| 8/3 | Memo to ATP transmitting decision | 0.1 |

| | | |
|---|---|---|
| 8/20 | Prepared notice of appeal; memo to ATP | 0.7 |
| 8/25 | Finalized notice of appeal and civil appeal docketing statement; filed same | 0.5 |

<u>2005</u>

| | | |
|---|---|---|
| 5/3 | Research for motion for injunction pending appeal | 1.0 |
| 5/4-5 | Prepared affidavit for Ted Painter | 9.2 |
| 5/11-18 | Prepared motion for injunction pending appeal | 17.9 |
| 6/10-14 | Prepared reply brief re motion for injunction pending appeal and supplemental affidavit of Ted Painter | 17.5 |
| 12/26-30 | Prepared motion for attorney's fees | 4.0 |
| <u>Total Hours</u>: | | 145.0 |

AFFIDAVIT OF TED PAINTER, JR.

I, Ted Painter Jr., being first duly sworn, do hereby state as follows:

1.	I am a principal in Oregon Seafood Producers, Inc., an Oregon corporation that is one of two partners in plaintiff Alaska Trojan Partnership (the Partnership), also know as Alaska Trojan Fisheries. The other partner is Sunnyridge Marine, Inc. David Capri is a principal of that company. I am managing partner of the Partnership.

2.	The Partnership's challenge to the decision by the National Marine Fisheries Service (NMFS) to deny our application for an Aleutian Islands brown king crab endorsement to our license limitation program (LLP) was filed in U.S. District Court for the District of Alaska on January 8, 2004.

3.	At the time this action was filed, the Partnership owned the F/V Alaska Trojan. The insured value of the vessel was $ 2,500,000.00.

4.	At the time this action was filed, the Partnership also held an LLP crab license, No. LLC3873. This license became fully transferable as a result of Final Agency Action by the NMFS dated December 31, 2003. We never listed this license for sale and thus do not know it's value at this time. However, based on the fact that we paid $ 600,000 to purchase a second LLP license, No. LLC3954 – the transfer of which was approved by NMFS on February 17, 2004 – I believe that it would be reasonable to assign value of $ 600,000 to our original license.

5.	Other assets that make up Alaska Trojan Partnership include: F/V Alaska Trojan 125' schooner style boat, crab pots for fishing golden crab, king crab and opilio's. It also owns one third of a gear shed located in Newport Oregon. Vessel value January 8, 2004 $ 2,500,000.00. Gear value $ 250,000.00. One third gear shed value is $ 150,000.00.

6.	Based on the foregoing, I estimate that the Partnership's net worth as of early

January 2004 was approximately $ 3,500,000.00. If we included the value of LLC3954, then our net worth would have been approximately $ 4,100,000.00

This concludes my affidavit.

Date: 12/28/05

Ted Painter, Jr.

SUBSCRIBED AND SWORN TO before me this 28th day of December, 2005.

OFFICIAL SEAL
EILEEN MC FARLIN
NOTARY PUBLIC-OREGON
COMMISSION NO. 388525
MY COMMISSION EXPIRES JAN. 12, 2009

Notary Public for the State of Oregon
My commission expires: Jan 12, 2009

**FILED**
**DEC 3 0 2005**
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
Deputy

| AO 291 (10/81) | APPLICATION FOR FEES AND OTHER EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT Title 28 U.S.C. Section 2412(d), Title II of Public Law 96-481, 94 STAT 2325 | | |
|---|---|---|---|
| **1. COURT** <br> A. ☐ SUPREME COURT    E. ☐ COURT OF APPEALS <br> B. ☐ CUSTOMS AND PATENT APPEALS    F. ☒ DISTRICT COURT <br> C. ☐ COURT OF CLAIMS    G. ☐ BANKRUPTCY COURT <br> D. ☐ INTERNATIONAL TRADE | | **2. DATE FILED** <br> JAN. 8, 2005 | **3. DOCKET NO.** <br> J04-003 CV (RRB) |
| **4. NAME OF APPLICANT** (One per form) <br> ALASKA TROJAN PARTNERSHIP | | **5. GOVERNMENT AGENCY INVOLVED IN CLAIM** (Use agency code on reverse side) <br> COMM | |
| **6. NATURE OF APPLICATION** <br> A. ☒ Original application under 28 USC 2412 (d) (1) (A) after judgment in civil action against U.S. <br> B. ☐ Appeal of fees and expenses awarded by Lower Court. (If item 6B is checked go to Item 7.) <br> C. ☐ Original application under 28 USC 2412 (d) (3) after review of agency decision. <br> D. ☐ Petition for leave to appeal an administrative agency fee determination under 5 USC 504 (c) (2). | | **7. APPEAL FROM:** <br> ☐ DISTRICT COURT    ☐ BANKRUPTCY COURT <br> ☐ OTHER: _____ | |
| | | **7A. DATE FILED IN LOWER COURT** | **7B. DOCKET NO.** |
| **8. ADMINISTRATIVE AGENCY DOCKET NO.** | | **9. DATE FILED IN ADMINISTRATIVE AGENCY** | |
| **10. SHOWING OF "PREVAILING PARTY" STATUS (28 U.S.C. § 2412 (d)(1)(B)):** <br> IS AGENCY ORDER, COURT ORDER, OR OTHER RELEVANT DOCUMENT ATTACHED?    ☒ YES    ☐ NO | | | |
| **11. SHOWING OF ELIGIBILITY (28 U.S.C. § 2412 (d)(2)(B)):**    SEE AFFIDAVIT OF TED PAINTER, JR. <br> IS NET WORTH INFORMATION ATTACHED?    ☒ YES    ☐ NO | | | |
| **12. ENTER ALLEGATION THAT GOVERNMENT POSITION WAS NOT SUBSTANTIALLY JUSTIFIED (28 U.S.C. §2412 (d)(1)(B)):** <br><br> SEE MOTION FOR ATTORNEY'S FEES, THE SUPPORTING MEMORANDUM, AND AFFIDAVIT OF COUNSEL. | | | |

**13. FOR EACH AMOUNT CLAIMED, PLEASE ATTACH ITEMIZATION INFORMATION INDICATING SERVICE PROVIDED, DATE, HOURS, AND RATE (28 U.S.C. § 2412 (d)(2)(A)):**

| | AMOUNT CLAIMED |
|---|---|
| A. ATTORNEY FEES... SEE AFFIDAVIT OF COUNSEL | $ 18,125.00 |
| B. STUDY | |
| C. ANALYSIS | |
| D. ENGINEERING REPORT | |
| E. TEST | |
| F. PROJECT | |
| G. EXPERT WITNESS FEES | |
| H. OTHER FEES AND EXPENSES — SPECIFY <br> (1) <br> (2) <br> (3) | |
| I. TOTAL FEES AND EXPENSES | $ 18,125.00 |

| **14. SIGNATURE** <br> [signature] | **15. DATE** <br> DEC. 30, 2005 |
|---|---|

NOTE: THIS FORM SHOULD ACCOMPANY YOUR CLAIM WHEN FILED WITH THE CLERK OF COURT.

**FILED**

DEC 15 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ PO _____ Dep~

ALASKA TROJAN PARTNERSHIP   v.   DONALD L. EVANS, et al.

DATE:   December 13, 2005    CASE NO.   J04-0003 CV (RRB)

THE HONORABLE RALPH R. BEISTLINE

PROCEEDINGS:   **MINUTE ORDER FROM CHAMBERS
RE COURT OF APPEALS' JUDGMENT**

---

Pursuant to the Judgment of the United States Court of Appeals for the Ninth Circuit, No. 04-35753, Defendants' Motion for Summary Judgment (Docket 9) is hereby **DENIED,** and Plaintiff's Motion for Summary Judgment (Docket 8) is hereby **GRANTED.**

rb 12-15-05

J04-0003--CV (RRB)
---------------------
M. STANLEY
P. LANDON (AUSA)
P. MCARDLE

Ninth Circuit Court of Appeals
Appeals Clerk

25